**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Raymond P. Moore**

Civil Action No. 23-cv-01073-RM-SBP

BONNIE MASER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

COMMONSPIRIT HEALTH,

    Defendant.

---

**ORDER**

---

    Before the Court is the Recommendation of United States Magistrate Judge Susan Prose (ECF No. 40) to grant Defendant's Motion to Dismiss (ECF No. 15) for lack of standing. Plaintiff has filed an Objection to the Recommendation (ECF No. 41), and Defendant has filed a Response to Plaintiff's Objection (ECF No. 42). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.**     **LEGAL STANDARDS**

    **A.**     **Review of a Magistrate Judge's Recommendation**

    Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir.

1996). However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (quotation omitted). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Standing

Under Fed. R. Civ. P. 12(b)(1), a defendant may raise by motion the defense of the court's lack of subject-matter jurisdiction, and the plaintiff bears the burden of demonstrating the court's jurisdiction to hear his claims, including by showing he has standing. *See Hernandez v. Grisham*, 499 F. Supp. 3d 1013, 1043 (D.N.M. 2020). "As an irreducible constitutional minimum, a plaintiff must satisfy three criteria in order for there to be a 'case or controversy' that may be resolved by the federal courts." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff must demonstrate "(1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011). "Standing is determined as of the time the action is brought." *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (quotation omitted).

## II. BACKGROUND

The Objection does not address the Recommendation's recitation of the relevant factual allegations, which the Court adopts in full while abbreviating here. This putative class action

stems from a data breach that resulted in the unauthorized access of Plaintiff's and others' personal information that was stored in Defendant's computer system.

In her First Amended Class Action Complaint (ECF No. 9), Plaintiff asserts claims on behalf of a nationwide class for (1) negligence; (2) breach of implied contract; (3) breach of the implied covenant of good faith and fair dealing; and (4) unjust enrichment.

Defendant's Motion to Dismiss was referred to the magistrate judge for a Recommendation. After it was fully briefed, the magistrate judge determined that the Complaint should be dismissed without prejudice because Plaintiff "does not allege an injury-in-fact—either present or future—that is substantial enough to support Article III standing." (ECF No. 40 at 19.)

### III.   ANALYSIS

In her Objection, Plaintiff first argues she was damaged when her "sensitive information, including her full name, address, healthcare provider, medical records numbers, treatment/prescription information, dates of medical services, health insurance information and her facility/account numbers," was stolen by cybercriminals. (ECF No. 41 at 6.) However, this assertion fails to refute the magistrate judge's determination that Plaintiff lacks standing.

With respect to Plaintiff's allegations of present harm, the magistrate judge found that Plaintiff had failed to establish that the bank fraud described in the Complaint was "fairly traceable" to the data breach. (ECF No. 40 at 13.) Plaintiff did not dispute Defendant's assertion that the sensitive information at issue—on its own—could not enable such fraud. Nor did she identify supporting allegations that showed when the bank fraud occurred or how the information disclosed in the data breach could have been used to facilitate it. As a result, the magistrate

3

judge concluded Plaintiff had failed to allege a plausible connection between the harms she alleged—namely, theft from her bank account and damage to her credit rating—and the data breach. (*Id.* at 14.)

With respect to Plaintiff's allegations of future harm, the magistrate judge rejected Plaintiff's assertion that an increased risk of social engineering attacks, without more, is sufficient to confer standing. Rather, even accepting Plaintiff's assertion that she faced additional risk, independent, intermediate events would need to occur before she suffered a cognizable injury stemming from the data breach.

For similar reasons, the magistrate judge concluded that any connection between the data breach and Plaintiff's emotional distress and mitigation expenses and efforts—in the absence of allegations supporting a substantial risk of future fraud—were too attenuated for the purposes of establishing standing. This is consistent with *McMorris v. Carlos Lopez & Associates, LLC*, where the Second Circuit reasoned that "where plaintiffs have not alleged a substantial risk of future identity theft, the time they spent protecting themselves against this speculative threat cannot create an injury." 995 F.3d 295, 303 (2d Cir. 2021) (quotation omitted). In other words, "plaintiffs cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Id.* (quotation omitted).

Plaintiff's conclusory assertion that she "was damaged" by the data breach—unsupported by any binding legal authority—fails to persuade the Court that the magistrate judge's analysis of these issues was incorrect. Plaintiff's reliance on *Gordon v. Chipotle Mexican Grill, Inc.*, 344 F. Supp. 3d 1231 (D. Colo. 2018), is misplaced in the context of this case. There, hackers stole customers' payment card information and other personal information that could enable identify

4

theft. *Id.* at 1237. But the court also noted that a risk of future identity theft is generally recognized as sufficient for standing only if the information exposed by a data breach can enable identity theft. *Id.* at 1243. Plaintiff has not shown that the non-financial information at issue in this case creates a comparable risk of future injury. Nor has she shown that the bank fraud she alleges is traceable to the disclosure of such information. *See Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 158 (3d Cir. 2022) ("Traceability means that the injury was caused by the challenged action of the defendant as opposed to an independent action of a third party.").

Plaintiff's contention that "[m]edical information is fundamentally private" (ECF No. 41 at 7) is also insufficient to state a concrete and particularized injury. The magistrate judge aptly distinguished the case law Plaintiff cited in her Response to the Motion to Dismiss (which relied on statutes not applicable in this case), and Plaintiff fails to offer any new, relevant case law which supports her position.

Plaintiff also contends that the magistrate judge should have recognized as a cognizable injury the time and effort she has spent responding to the data breach. But in the absence of allegations establishing a substantial risk of future fraud or other harm, the Court agrees that Plaintiff's mitigation efforts alone are insufficient to confer standing. *See McMorris*, 995 F.3d at 303 (concluding that proactive measures, alone, following an unauthorized data disclosure do not constitute an injury in fact for standing purposes). Plaintiff cites no authority to the contrary.

Finally, Plaintiff contends that the diminished value of her sensitive information provides a basis for standing. But again, she fails to cite any authority that undermines the magistrate judge's analysis of this issue. The Court agrees that allegations suggesting that the theoretical

5

value of one's sensitive information has diminished, in the abstract, do not demonstrate the type of concrete and particularized injury that standing requires.

To the extent Plaintiff requests leave to amend her Complaint, she has failed to file a separate motion seeking the same.  More importantly, she has failed to explain what additional allegations she would add to bolster her claims or to submit a proposed amended complaint setting forth those allegations.  Therefore, the request for leave to amend is denied.

With respect to the remainder of the Recommendation, to which neither party objected, the Court finds the magistrate judge's analysis was sound and discerns no error on the face of the record.

### IV.  CONCLUSION

Accordingly, the Objection (ECF No. 41) is OVERRULED, and the Recommendation (ECF No. 40) is ACCEPTED.  The Motion to Dismiss (ECF No. 15) is GRANTED for lack of jurisdiction, and the Clerk is directed to CLOSE this case.

DATED this 3rd day of December, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

6